### JUNG v. KUEFFEL et al.

(Common Pleas of New York City and County, General Term.　April 1, 1895.)

REARGUMENT—AFTER APPEAL TO COURT OF APPEALS.
　　The court of common pleas will not grant a reargument after judgment has been affirmed by the court of appeals.

Motion by plaintiff (appellant) for reargument.    Denied.

For decision on appeal, see 23 N. Y. Supp. 1158, affirmed by 39 N. E. 340.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Leopold Leo, for the motion.

Smith, Bowman & Close, opposed.

PRYOR, J.    On the affirmance of the judgment by the general term, the plaintiff had an option either to move a reargument, or go to the court of appeals.    Doubtless, he would have taken the former step, had he supposed the court anywise remiss in the consideration of the case.    He chose rather to appeal from the judgment, and so stood upon his allegations of error.    Is it possible that a suitor may have recourse to both these alternative remedies; that is, first take the chance of reversing the judgment for error, and then, failing in that, come back to the court below for a reargument?    If so, then an affirmance by the court of last resort will never be a finality, and we apprehend that in all cases the litigation will be renewed by an application for reargument.    The motion proceeds, we suspect, upon the suggestion by the court of appeals that the plaintiff, if entitled at all, should have had a larger verdict.    And so we thought, but, upon the evidence, our conviction was that the verdict should have been for the defendants.    Instead, however, of remanding the cause for a third trial, we suffered the nominal verdict to stand, because, in our judgment, it involves no injustice to the plaintiff, and because we were not inclined to encourage the experiment of successive trials until some jury might be found to decide against the manifest right of the case.    It was not pretended either that the jury were guilty of any misconduct, or that the plaintiff might improve his case by further proof.    Why allow the chance of a verdict which the court would be bound to set aside?    Motion denied, with costs.

BISCHOFF, J., concurs.

DALY, C. J. (concurring).    In awarding nominal damages, the jury, of course, considered the facts that plaintiff was paid his full wages while he was disabled from working; that he was immediately re-employed by the defendants, and remained with them several years, at increasing wages, until he voluntarily left; and that he did not claim damages or bring suit until nearly 6 years after the accident.    And they may have been satisfied that he had been fully compensated for his injury, even in his own estimation.    Under the circumstances, we declined to interfere with the verdict on the ground of inadequacy, and we find no reason to change our views.